**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>26-mj-8530-BER</u>

UNITED STATES OF AMERICA

v.

BEDER CANDELA-FIGUEROA

_____ Defendant. _____ /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_Daniel Reiter_
_____
DANIEL REITER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.      085312
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:      (561) 820-8711
Fax:      (561) 820-8777
Email:  Daniel.Reiter@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| BEDER CANDELA-FIGUEROA | ) | Case No.   26-mj-8530-BER |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 26, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 18 U.S.C. § 922(g)(5)(A) | Unlawful alien in possession of a firearm |

This criminal complaint is based on these facts:

See Attached Affidavit.

FILED BY_____TM_____D.C.

**Jul 8, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

☑ Continued on the attached sheet.

_David Soltero_
_Complainant's signature_

David Soltero, DHS U.S Border Patrol
_Printed name and title_

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: __July 8, 2026__

_Bruce Reinhart_
_Judge's signature_

City and state: _____West Palm Beach, FL_____

Bruce E. Reinhart, U.S. Magistrate Judge
_Printed name and title_

## APPLICATION IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, David Soltero, first being duly sworn, does hereby depose and state as follows:

### Introduction

1. I am a Border Patrol Agent with the Department of Homeland Security, United States Border Patrol (USBP), assigned to the West Palm Beach, Florida office. I have served with the United States Border Patrol since 2011. I completed the United States Border Patrol Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. As a Border Patrol Agent, I am trained and authorized to enforce criminal and administrative immigration laws and to investigate crimes against the United States, as described in Titles 8, 18, 19, and 21 of the United States Code.

2. I submit this affidavit in support of a criminal complaint and arrest warrant charging Beder Candela-Figueroa ("CANDELA-FIGUEROA") with possession of a firearm and ammunition by a prohibited person, an alien illegally and unlawfully in the United States, in violation of Title 18, United States Code, Section 922(g)(5)(A).

3. The facts in this affidavit come from my personal knowledge, information other law enforcement officers provided during this investigation, my review of documents, pictures, and computer records, and my training and experience. Because this affidavit is intended only to establish probable cause for a criminal complaint, I have not included every fact known to me or to law enforcement, I have included only the facts necessary to establish probable cause.

### Probable Cause

4. On June 26, 2026, I was assigned to the West Palm Beach Border Patrol Station and conducted roving patrol in Palm Beach County. At around 2130 hours, agents from the Drug

Enforcement Administration (DEA) and the Palm Beach County Sheriff's Office (PBSO) contacted me about a subject they had in custody. The subject, later identified as Beder Candela-Figueroa, claimed to be living in the United States illegally.

5. Your affiant arrived on scene and spoke with the PBSO deputies about CANDELA-FIGUEROA. PBSO and DEA advised me they were working on a narcotics case and had conducted a knock and talk at a residence located at 14065 Smith Sundy Road, Delray Beach, Florida. PBSO deputies knocked on the front door, and two juveniles inside said their parents were not home but that someone else lived at the back of the property. PBSO deputies and DEA agents walked to the back of the property and saw a separate room attached to the back porch. They encountered CANDELA-FIGUEROA near the front door of that room. When deputies asked if he had access to the main house, CANDELA-FIGUEROA said he did not and that he only had access to the room he rented. Deputies told CANDELA-FIGUEROA why they were there and asked for consent to search only his room. He agreed and signed a consent-to-search form.

6. Deputies asked for identification, and CANDELA-FIGUEROA said it was under his pillow. As he tried to retrieve it, deputies saw what looked like a pistol under the pillow. When asked, CANDELA-FIGUEROA admitted there was a firearm under his pillow. CANDELA-FIGUEROA also admitted that he was in the United States illegally.

7. PBSO deputies found several firearms and ammunition inside, including two handguns under a pillow on the bed, one handgun on the bed under personal belongings, and two long guns were near the door. In total, deputies located five firearms: three handguns, a rifle, and a shotgun. CANDELA-FIGUEROA claimed ownership of all of the firearms.

8. I approached CANDELA-FIGUEROA, who was standing near an unmarked PBSO patrol vehicle with hand restraints on. I identified myself as a Border Patrol Agent and asked for his

2

name. He stated his name was Beder CANDELA-FIGUEROA. I asked for his citizenship and nationality, and he said he was from Mexico. I also asked whether he had any legal documents to enter or remain in the United States. He said he crossed the border illegally about 20 years ago near Naco, Arizona. Based on his statements, I took him into custody and transported him to the West Palm Beach Border Patrol Station.

9. PBSO seized the following firearms and ammunition from the residence:

    i.    One Brown Marlin Model 60 .22 LR caliber semi-auto rifle (S/N 12394979) with sling;

    ii.    Ten live .22 LR caliber rounds;

    iii.    One Brown Mossberg Model 190KB 16-gauge bolt action shotgun (S/N unknown) with attached ammunition carrier;

    iv.    Eight live 16-gauge rounds;

    v.    One Black and chrome American Tactical CS9 9mm semi-automatic pistol (S/N T062008D04399) inserted with magazine;

    vi.    One Black with brown handle Smith and Wesson Model 586 357 Magnum revolver (S/N ABF4870);

    vii.    Six live 357 magnum rounds; and

    viii.    One Chrome with black grips (unknown make and model) 8mm semi-auto pistol (S/N unknown).

10. On July 7, 2026, Special Agent Michael Kelly of the Bureau of Alcohol, Tobacco, Firearms, and Explosives reviewed photographs of the firearms. SA Kelly, has specific training and experience in interstate and foreign commerce as it relates to firearms and ammunition. Based on the photographs and the property sheet provided by PBSO deputies, SA Kelly determined that the Brown Marlin Model 60 .22 LR semi-automatic rifle, the Brown Mossberg Model 190KB 16-gauge bolt-action shotgun, the black and chrome American Tactical CS9 9mm semi-automatic pistol, and the black with brown handle Smith & Wesson Model 586 .357 Magnum revolver were manufactured outside Florida and therefore had traveled in interstate or foreign commerce.

11. As part of my investigation, I reviewed documents from the immigration alien file belonging to CANDELA-FIGUEROA, A-Number AXXX XXX 717. A review of Department of Homeland Security electronic alien file showed that he is a native and citizen of Mexico and that an Immigration Judge ordered him removed on September 3, 2024.

12. On June 26, 2026, I entered CANDELA-FIGUEROA's fingerprints into the Automated Biometric Identification System (IDENT), a biometric database maintained by the Department of Homeland Security. IDENT results confirmed that the fingerprints matched the individual previously encountered by the United States Border Patrol, Beder CANDELA-FIGUEROA.

13. I conducted a record check in the Computer Linked Application Information Management System (CLAIMS) to determine whether CANDELA-FIGUEROA had filed an application for permission to reapply for admission into the United States after removal. The search revealed no record showing that CANDELA-FIGUEROA obtained consent from the Attorney General or the Secretary of Homeland Security to re-enter the United States as required by law.

14. On June 26, 2026, a U.S. Border Patrol Agent interviewed CANDELA-FIGUEROA at the U.S. Border Patrol Station in Riviera Beach, Florida. CANDELA-FIGUEROA could read, write, and speak Spanish without any communication difficulties. Before the interview began, the agent read Miranda warnings to CANDELA-FIGUEROA using a pre-printed form and asked if he understood them. He stated that he did. He then waived his right to counsel and agreed to provide a statement.

15. Post-Miranda CANDELA-FIGUEROA stated he was at home when police arrived. He said officers told him they were there looking for drugs and gave officers consent to search his home. He said he was arrested because guns were found inside. I showed CANDELA-FIGUEROA photographs of the weapons recovered from the residence and he stated that all the firearms found

4

in his residence were his and that he acquired them by various means. He also stated he knew he was living in the United States illegally. He said he believed it was acceptable to have firearms in his home, but he acknowledged he could not purchase firearms from a store because of his unlawful status. He stated he illegally crossed the border in 2001 and knew he was avoiding immigration authorities because he paid a smuggler approximately $1,200 to bring him into the United States.

## Conclusion

16.  Based on the information described above, I submit that there is probable cause to believe Beder CANDELA-FIGUEROA knowingly possessed firearms and ammunition as a prohibited person, an alien illegally and unlawfully present in the United States, in violation of Title 18, United States Code, Section 922(g)(5)(A).

_David Soltero_

David Soltero, Border Patrol Agent
U.S. Border Patrol

Sworn and attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____8th___ day of July 2026

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   BEDER CANDELA-FIGUEROA

**Case No**: 26-mj-8530-BER

Count #:

Unlawful alien in possession of a firearm

18 U.S.C. § 922(g)(5)(A)

* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**